UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GOSSIP SRL,

                              Plaintiff,                          20 cv. 0708 (PKC)

            -against-
                                                                  ORDER
DRAGONE, LLC.,
                              Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.:

        The limited subject matter jurisdiction of a district court is best addressed at the

outset of a case.  It falls upon the court to raise issues of subject matter jurisdiction sua sponte.

        Section 1332(a)(1) provides that "[t]he district courts shall have original juris-

diction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §

1332(a).  An action premised upon diversity of citizenship in which  a limited liability company

is a party must allege the citizenship of natural persons who are members of the limited liability

company and the place of incorporation and principal place of business of any corporate enti-

ties that are members of the limited liability company.  See Handelsman v. Bedford Village As-

sociates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150

F.3d 729, 731 (7th Cir. 1998)); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001)

("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each

of its members."); Rule 8(a), Fed. R. Civ. P.

        "The rule of complete diversity—that no plaintiff and no defendant may be a

citizen of the same state—applies to alienage cases as well as to ordinary diversity cases." F. &

H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Eng'g Co., 882 F.2d 281, 284 (7th

Cir. 1989) (citing Newman–Green, Inc. v. Alfonzo–Larrain, 109 S. Ct. 2218, 2221 (1989)).

And, "the presence of aliens on two sides of a case destroys diversity jurisdiction," just like the

presence of two citizens of the same state. <u>Corporacion Venezolana de Fomento v. Vintero Sales Corp.</u>, 629 F.2d 786, 790 (2d Cir. 1980).

The Complaint alleges that Gossip SRL is a corporation organized under the laws of Italy with a principal place of business in Castelfiorentio, Italy. If one of the members of the defendant LLC is a foreign citizen, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction. <u>See</u> <u>Universal Licensing Corp. v. Paola del Lungo S.p.A.</u>, 293 F.3d 579, 581 (2d Cir. 2002)) ("diversity is lacking within the meaning of [28 U.S.C. § 1332(a)(2) and (a)(3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.").

Within 14 days of this Order, plaintiff may serve upon the defendant LLC an interrogatory limited to the citizenship, i.e., state (if a US citizen) or country (if not a US citizen), of all natural persons who are members of the LLC and, if a corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business. The defendant Dragone, LLC shall have 14 days to respond to the interrogatory.

Within 45 days of this Order, Gossip SRL shall file an amended complaint curing the defects in the jurisdictional allegations or the complaint will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:      New York, New York
            January 28, 2020